UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANCISCO CHAVEZ-ARRIAGA,<br>　　　　　　　　Petitioner,<br><br>v.<br><br>JONATHAN HEMINGWAY,<br>　　　　　　　　Respondent. | Case No. 23-11656<br>Honorable Shalina D. Kumar<br>Mag. Judge Curtis Ivy, Jr. |

**Opinion and Order Granting Respondent's Motion
to Dismiss (ECF No. 7), Dismissing Petition (ECF No. 1) Without Prejudice,
and Granting Leave to Appeal *In Forma Pauperis***

Francisco Chavez-Arriaga, a prisoner in the custody of the Federal Bureau of Prisons (BOP), filed this habeas petition under 28 U.S.C. 2241. He challenges the BOP's calculation of earned-time credits under the First Step Act of 2018 (FSA). Respondent filed a motion to dismiss because Chavez-Arriaga did not exhaust administrative remedies prior to filing his petition. For the reasons explained, the motion to dismiss is granted and the petition is dismissed without prejudice.

**I. Background**

In 2013, Chavez-Arriaga was charged in the United States District Court for the Southern District of Texas with six drug-related offenses. On December 12, 2013, he pleaded guilty to possession with intent to

1

distribute more than 50 grams of methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(A), and conspiracy to possess with intent to distribute over five kilograms of cocaine under 21 U.S.C. §§ 846 and 841(b)(1)(A). On November 3, 2014, Chavez-Arriaga was sentenced to 240 months imprisonment, to be followed by five years of supervised release. In accordance with the terms of the plea agreement, Chavez-Arriaga did not file an appeal. *See* Plea Agreement, *United States v. Chavez-Arriaga*, No. B-13-740-01 (S.D. Tex.) (ECF No. 97).

Chavez-Arriaga has now filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2241. He maintains that the BOP improperly denied him FSA credits because of an immigration detainer lodged against him. (ECF No. 1, PageID.6.) Respondent argues that the petition should be dismissed because Chavez-Arriaga failed to exhaust his administrative remedies before filing the petition.

## II. Discussion

A federal habeas corpus petitioner must exhaust his administrative remedies before seeking relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-32 (6th Cir. 2006). The Bureau of Prisons maintains an extensive administrative remedy procedure through

which an inmate may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10.  Chavez-Arriaga concedes that he did not exhaust his administrative remedies (*See* ECF No. 1, PageID.2-3), and the BOP's records confirm this.  (*See* ECF No. 7-2, PageID.37.)   The exhaustion requirement may be excused where pursuit of administrative remedies would be futile.  *Fazzini*, 473 F.3d at 236.  Chavez-Arriaga claims that exhaustion would be futile and the requirement, therefore, should be excused.

The FSA allows those incarcerated with a low risk of recidivism to receive time credits for successful participation in "evidence-based recidivism reduction programming or productive activities" that can be applied toward either earlier movement into prerelease custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A); 28 C.F.R. § 523.40(b) ("[A]n eligible inmate ... may earn FSA Time Credits to be applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g).").

On November 18, 2022, the BOP issued Program Statement 5410.01, which precluded prisoners with immigration detainers from applying earned time credits to being released to pre-release custody. *See* Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of

2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4),14-17 (Nov. 18, 2022).  This, presumably, is why Chavez-Arriaga maintains that exhaustion would be futile.  But the BOP has since changed its policy.  In February 2023, the BOP amended its program statement to remove language that precludes prisoners with immigration detainers from applying FSA earned-time credits toward early release to supervision.  *See* Fed. Bureau of Prisons, Program Statement 5410.10 CN-1 at 2 (Feb. 6, 2023)).  In March, the Bureau of Prisons amended its program statement a second time, allowing federal prisoners with immigration detainers to apply earned-time credits toward prerelease custody.  *See* Fed. Bureau of Prisons, Program Statement 5410.10 CN-2 (Mar. 10, 2023). Thus, a prisoner who has an immigration detainer, but not a final order of removal, is now eligible to apply his earned-time credits under the First Step Act. Id. 18 U.S.C. § 3632(d)(4)(E).

In this case, it is not clear that the BOP is denying Chavez-Arriaga earned-time credits because of an immigration detainer, as he appears to believe. Requiring Chavez-Arriaga to pursue administrative relief will develop a record showing how the BOP calculated his release date and whether it awarded him earned-time credits under the FSA.  Chavez-Arriaga must provide the BOP with an opportunity to address his claims

4

and explain its calculations before seeking relief here. If Chavez-Arriaga does not obtain the relief he seeks after exhausting his administrative remedies, he may then return to federal court to challenge the BOP's calculations in a new § 2241 petition.

## III.  Conclusion

Petitioner has not shown that exhaustion would be futile or that his case otherwise merits excusing the exhaustion requirement. Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss (ECF No. 7) and **DISMISSES** the petition **WITHOUT PREJUDICE**.

The Court **GRANTS** Petitioner leave to appeal *in forma pauperis* since any appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Finally, the Court notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed by a federal prisoner under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED.**

s/Shalina D. Kumar<br>
SHALINA D. KUMAR<br>
United States District Judge

Dated: June 28, 2024